IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN TUCKER, #233599, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-528-MHT |
| | ) | (WO) |
| | ) | |
| LT. BLAKELY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Stephen Tucker ("Tucker"), an indigent state inmate, alleging that correctional officials at Ventress Correctional Facility failed to protect him from sexual harassment by other inmates in April of 2015 and a physical altercation with another inmate on April 3, 2015. *Complaint - Doc. No. 1* at 5-7. Tucker also challenges the general safety of the facility. *Id*. at 7-8.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claims for relief presented by Tucker. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Tucker. The defendants assert and the undisputed evidence indicates that the defendants did not act with deliberate indifference to Tucker's safety with respect to the alleged acts of harassment or the

altercation about which he complains.

In light of the foregoing, the court issued an order directing Tucker to file a response to the defendants' written report. *Order of October 26, 2015 - Doc. No. 16*. The order advised Tucker that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Tucker for filing a response in compliance with the directives of this order expired on November 10, 2015. As of the present date, Tucker has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Tucker is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Tucker's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution

occurred. It therefore appears that any additional effort by this court to secure Tucker's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court. It is further

ORDERED that on or before December 18, 2015 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R.

3

3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner*

*v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of December, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE